IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal No.  07-147 (GK) |
| | : | |
| FREDERICK S. HILL, and | : | |
| DAN V. McKINNEY, | : | |
| | : | |
| **Defendants** | : | |

## JOINT PROPOSED JURY INSTRUCTIONS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and the defendants Steve Hill, by and through his attorneys Michelle Peterson and W. Gregory Spencer, and Dan McKinney, by and through his attorney Frederick D. Cooke, Jr., respectfully request that the Court give the standard instructions listed below by name and number to the jury at the conclusion of the trial in this case.  The parties also request this Court to give the instructions which are hereafter set forth in full and which pertain to the offenses charged in the Indictment.

The following instructions are drawn from the Bar Association of the District of Columbia's <u>Criminal Jury Instructions</u> (4th Ed. Rev., April 2008) (the Red Book):

**Instructions Before and During Trial**

1. 1.01A  Introduction and Voir Dire

2. 1.02    Notetaking by Jurors – Note

3. 1.03    Preliminary Instruction Before Trial

4. 1.04    Stipulations of Fact and Testimony

5. 1.07    Question Not Evidence

6.  1.10   Evaluation of Prior Inconsistent Statement of a Witness -- if appropriate

7.  1.11   Evaluation of Prior Consistent Statement of a Witness (if appropriate)

8.  1.12   Impeachment by Proof of Conviction of Crime - Witness (if appropriate)

9.  1.21   Preliminary Instruction Where Identity of Alternates Is Not Disclosed

**Final Instructions**

10. 2.01   Function of the Court

11. 2.02   Function of the Jury

12. 2.03   Jury's Recollection Controls

13. 2.04   Evidence in the Case - Judicial Notice, Stipulations, Depositions

14. 2.05   Statements of Counsel

15. 2.06   Indictment Not Evidence

16. 2.07   Inadmissible and Stricken Evidence

17. 2.08   Burden of Proof - Presumption of Innocence

18. 2.09   Reasonable Doubt

19. 2.10   Direct and Circumstantial Evidence

20. 2.11   Credibility of Witnesses

21. 2.13   Number of Witnesses

22. 2.14   Nature of Charges not to be Considered

23. 2.22A  Witness with a Plea Agreement

24. 2.26   Police Officer's Testimony

25. 2.27   Right of Defendant not to Testify (if appropriate)

26. 2.28   Defendant as Witness (if appropriate)

27. 2.29 False or Inconsistent Statement by Defendant (if appropriate)

28. 2.30 Transcripts of Tape Recordings (as modified in the attached text)

29. 2.48 Statements of the Defendant - Substantive Evidence (if appropriate)

30. Other Crimes Evidence (the parties will be filing separate proposed instructions as to other crimes evidence)

31. 2.54 Multiple Defendants – Multiple Counts

32. 2.71 Election of Foreperson

33. 2.72 Unanimity

34  2.73 Exhibits During Deliberations

35. 2.74 Possible Punishment Not Relevant

36. 2.75 Communications Between Court and Jury During Deliberations

37. 2.76 Furnishing the Jury With a Copy of the Instructions

38  2.77 Verdict Form Explanation

<u>Definitions and Proof</u>

39. 3.02 Proof of State of Mind

40. 3.07 "On or about" - Proof of


**Instructions on Substantive Offenses**


41. 4.93 Conspiracy (as modified in the attached text)

42. Statements and Acts of Co-conspirators (<u>see</u> attached text)

43. Unindicted, Unnamed, or Separately Tried Co-conspirators (<u>see</u> attached text)

44. Conspiracy -- Venue (see attached text)

45. Conspiracy -- success of Conspiracy Immaterial (see attached text)

46. 4.02A(A)   co-conspirator liability

47. Bank Fraud (see attached text)

48. 4.02    Aiding and Abetting

49. 4.05    Willfully Causing an Act to be Done

In addition, the parties request leave to submit such additional or supplemental instructions as may be deemed necessary prior to or during the trial of this case.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

_____/s/_____
Thomas J. Hibarger
D.C. Bar No. 413224
G. Bradley Weinsheimer
D.C. Bar No. 431796
Assistant United States Attorney
555 4th Street, N.W., Room 5237
Washington, DC 20530
(202) 514-7385

_____/s/_____
Michelle Peterson, Esq.
W. Gregory Spencer
Counsel for Steve Hill
625 Indiana Avenue, N.W.
Washington, DC 20004
(202) 208-2500

_____/s/_____
Frederick D. Cooke, Jr., Esq.
Counsel for Dan McKinney
1150 Connecticut Avenue, N.W.
Washington, DC 20036
(202) 861-0870

**Proposed Instruction No. 28** (modifying No. 2.30)
**Transcripts of Tape Recordings**

Tape recordings of conversations identified by witnesses have been received in evidence. Transcripts of these tape recorded conversations also have been received into evidence and are being furnished for your convenience and guidance as you listen to the tapes to clarify portions of the tapes which are difficult to hear, and to help you identify speakers. The tapes are evidence of the recorded conversations; the transcripts are an interpretation of the tapes. If you perceive any variation between the transcripts and the tapes, you must be guided solely by the tapes and not by the transcripts. If you cannot determine from the tape that particular words were spoken, you must disregard the transcripts so far as those words are concerned.

---

**Redbook Instruction No. 2.30, modified to reflect Circuit Court holding that if the District Court, in its discretion, decides to permit the jury to use the transcripts as an aid in conjunction with the tapes during deliberations, it is the better practice to formally admit the transcripts into evidence, United States v. Holton, 116 F.3d 1536, 1540-43 (D.C. Cir. 1997), cert. denied ___ U.S. ___, 118 S. Ct. 736 (1998).**

**Proposed Instruction No. 41**  (modifying No. 4.93)

## Conspiracy

Defendants are charged in the first count of the indictment with conspiracy to commit bank fraud. I am going to tell you about the charge of conspiracy to commit Bank Fraud, that is, to knowingly devise and execute, or attempt to execute, a scheme to defraud financial institutions and to obtain money owned by and under the custody or control of financial institutions by means of false and fraudulent pretenses, representations and promises. It is against the law to agree with someone to fraudulently obtain, or attempt to obtain, money from financial institutions by means of depositing and presenting for payment counterfeit checks. The government is not required to prove that the objective of the conspiracy was achieved. To find the defendant guilty of the crime of conspiracy, you must be convinced that the government has proved each of the following three elements, beyond a reasonable doubt:

*First*, that from in or about May 2004 and continuing until on or about March 2005, an agreement existed between two or more people to commit bank fraud by creating, depositing, and cashing counterfeit checks through financial institutions. This does not have to be a formal agreement or plan, in which everyone involved sat down together and worked out the details. On the other hand, merely because people get together and talk about common interests, or do similar things does not necessarily show that an agreement exists. It is enough that the government prove beyond a reasonable doubt that there was a common understanding*, either spoken or unspoken,* among those who were involved to commit bank fraud by creating, depositing, and cashing counterfeit checks through financial institutions. So, the first thing that must be shown is the existence of an agreement.

***Second***, the government must prove that the defendant intentionally joined in that agreement. It is not necessary to find he agreed to all the details of the crime, or that he knew the identity of all the other people the government has claimed were participating in the agreement. A person may become a member of a conspiracy even if that person agrees to play a minor part, as long as that person understands the unlawful nature of the plan and voluntarily and intentionally joins in it. Even if the defendant was not part of the agreement at the very start, he can become a member of the conspiracy later if the government proves that he intentionally joined the agreement. Different people may become part of the conspiracy at different times.

But mere presence at the scene of the agreement or of the crime, or merely being with other participants, does not show that the defendant knowingly joined in the agreement. Also, unknowingly acting in a way that helps the participants, or merely knowing about the agreement itself, without more, does not make the defendant part of the conspiracy. So the second thing that must be shown is that the defendant was part of the conspiracy.

***Third***, the government must show that one of the people involved in the conspiracy did something for the purpose of carrying out the conspiracy. This something is referred to as an "overt act." The government must show that one of the people involved in the conspiracy did one of the overt acts in order to carry out the conspiracy. The charged overt acts alleged by the government are:

(1)   On or about June 28, 2004, Steve Hill and Dan McKinney deposited into a Bank of America bank branch in Las Vegas a counterfeit check in the amount of $300,000 that had been provide to them by coconspirators.

(2)   On or about June 29, 2004, coconspirators participated in a telephone conversation in which they discussed a counterfeit check scheme involving the deposit of a $300,000 counterfeit

check in Las Vegas.

(3)  On or about August 27, 2004, coconspirators and Steve Hill, participated in a telephone conversation in which a cooperating witness agreed to produce a counterfeit check and send it to Steve Hill, for him to deposit and cash.

(4)  On or about September 1, 2004, coconspirators and Steve Hill, participated in a telephone conversation in which Steve Hill, provided account and routing information concerning a bank account relating to Dan's Cleaning Service, an account in which the previously discussed counterfeit check should be deposited. Steve Hill, advised the cooperating witness that he would receive half the amount of the counterfeit check as proceeds for the transaction.

(5)  On or about November 30, 2004 and while in the District of Columbia, the cooperating witness provided a coconspirator with a counterfeit Premier Services check in the amount of $15,000. The coconspirator placed a telephone call to Steve Hill about the counterfeit check and arrangements were made for the coconspirator to express mail the counterfeit Premier Services check to Steve Hill.

(6)  On or about December 1, 2004, Dan McKinney received the $15,000 counterfeit Premier Services check and deposited it into a Dan's Cleaning Service account at a Bank of America branch in Las Vegas.

(7)  On or about December 13, 2004, Steve Hill, and Dan McKinney withdrew cashier's checks as proceeds from the $15,000 counterfeit Premier Services check.

(8)  On or about December 16, 2004, Steve Hill, a coconspirator and the cooperating witness participated in a meeting in the District of Columbia during which Steve Hill provided the cooperating witness with proceeds from the $15,000 counterfeit Premier Services check deposited in Las Vegas. Steve Hill further explained why the proceeds were smaller than expected and

discussed methods used by Steve Hill, Dan McKinney, and other coconspirators to make fraudulent transactions appear legitimate.

(9) On or about January 10, 2005, a coconspirator, the cooperating witness, Steve Hill, and an undercover law enforcement officer participated in a telephone conversation in which Steve Hill discussed the $15,000 counterfeit Premier Services check deposited in Las Vegas, how Steve Hill, Dan McKinney, and other coconspirators create paperwork to make fraudulent transactions appear legitimate, and Steve Hill, suggested he could handle a counterfeit check in an amount of $500,000.

(10) On or about March 1, 2005, the coconspirator and the cooperating witness traveled to Las Vegas to meet Steve Hill, and Dan McKinney and all four people met in Las Vegas and discussed the deposit of a $500,000 counterfeit check.

(11) On or about March 2, 2005, a coconspirator, the cooperating witness, Steve Hill, and Dan McKinney traveled to a Bank of America branch in Las Vegas where Dan McKinney attempted to deposit into a Dan's Cleaning Service account a $500,000 counterfeit Premier Services check. Dan McKinney provided the cooperating witness with a Bank of America business card and told him that he should wire the money from the account because of the delay required to be able to obtain cash were the counterfeit check deposited as they had planned.

(12) On or about March 9, 2005, a coconspirator and Steve Hill, participated in a telephone conversation in which Steve Hill suggested plans for the $500,000 counterfeit Premier Services check to be deposited in a Bank of America branch in the District of Columbia.

(13) On or about March 11, 2005, Steve Hill, the cooperating witness, and an undercover law enforcement officer participated in a telephone conversation in which they discussed problems

with depositing the $500,000 counterfeit Premier Services check. Steve Hill informed the cooperating witness and the undercover law enforcement officer that Steve Hill had made arrangements for the $500,000 counterfeit Premier Services check to be deposited at a Bank of America branch in the District of Columbia using a Dan's Cleaning Service account.

The government need not prove that all of these overt acts were taken, but in order to find the defendants guilty, you must all agree on at least one overt act that was done.

A conspiracy can be proved indirectly, by facts and circumstances which lead to a conclusion that a conspiracy existed. But it is up to the government to prove that such facts and circumstances existed and lead to the that conclusion in this particular case.

In deciding whether a conspiracy existed, you may consider the acts and statements of all the alleged participants. In deciding whether a particular defendant became a member of the conspiracy, you may consider only his own acts and statements.

In summary, a conspiracy is a kind of partnership in crime. For any defendant to be convicted of the crime of conspiracy, the government must prove three things beyond a reasonable doubt: first, that from in or about May 2004 and continuing until on or about March 2005, there was an agreement to commit bank fraud by creating, depositing, and cashing counterfeit checks through financial institutions; second, that the defendant knowingly and willfully joined in that agreement; and third, that one of the people involved in the conspiracy did one of the overt acts charged.

_____

**Redbook Instruction No. 4.93, modified to clarify that agreement may be spoken or unspoken, United States v. Mills, 995 F.2d 480, 483 (4th Cir.), cert. denied, 510 U.S. 904 (1993) (essential elements include an agreement "tacit or express") (modification adapted from Sand, Siffert,**

**Loughlin, and Reiss, <u>Modern Federal Jury Instructions</u>, ¶ 19.01, Instruction 19-4 (1996); and modified to include alleged overt acts.**

**Proposed Instruction No. 42**

**Statements and Acts of Co-conspirators**

In determining whether a conspiracy between two or more persons existed and whether the government has proven the charges in Count One of the indictment, you may consider the acts and the statements of any other members of the conspiracy as evidence against the defendant whether done in the defendant's presence or out of the defendant's presence. When persons enter into an agreement for unlawful purposes, they become agents for each other so that the act of one conspirator is considered the act of all the other conspirators. However, statements of any conspirator which are made before its existence or after its termination may be considered as evidence only against the person making such statements. In other words, in determining whether there was a conspiracy and whether the government has proven the conspiracy charge in Count One of the Indictment, you may consider as evidence against the defendant the statements or actions of the defendant's fellow conspirators in the conspiracy whether they were done in or out of the presence of the defendant, as long as they were made during the course of the conspiracy. This is because when conspirators join in a common plan or scheme to accomplish an illegal purpose, everything which is said or done by one of them in furtherance of that purpose is deemed to be the statement of all who have joined in that conspiracy.

_____

**United States v. Treadwell, 760 F.2d 327, 337-38 (D.C. Cir. 1985), cert. denied, 474 U.S. 1064 (1986).**

**Proposed Instruction No. 43**

**Unindicted, Unnamed, or Separately Tried Co-Conspirators**

Some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

Nor is there any requirement that the names of all the other conspirators be in the Indictment. An indictment can charge a defendant with a conspiracy involving people whose names are not given, as long as the government can prove that the defendant conspired with one or more of them. Whether they are named or not does not matter.

---

**United States Sixth Circuit Pattern Criminal Jury Instruction 3.06 (1991); <u>see also</u> <u>United States v. Harris</u>, 8 F.3d 943, 946-47 (2d Cir. 1993); <u>United States v. Rogers</u>, 118 F.3d 466, 478-79 (6th Cir. 1997); <u>United States v. Lopez</u>, 6 F.3d 1281, 1288 (7th Cir. 1993); <u>United States v. Agofsky</u>, 20 F.3d 866, 870-71 (8th Cir.), <u>cert. denied</u>, 513 U.S. 909, 949 (1994); <u>United States v. Martinez</u>, 96 F.3d 473 (11th Cir. 1996), <u>cert. denied</u>, 519 U.S. 1133 (1997).**

**Proposed Instruction No. 44**

## Conspiracy -- Venue

Some of the events that you have heard about happened in other places. There is no requirement that the entire conspiracy take place here in Washington, D.C. But for you to return a guilty verdict for the conspiracy charge, the government must convince you that one of the overt acts took place here in the District of Columbia.

Unlike all the other elements that I have described, this is just a fact that the government only has to prove by a preponderance of the evidence. This means the government only has to convince you that it is more likely than not that part of the conspiracy took place here.

Remember that all the other elements I have described must be proved beyond a reasonable doubt.

_____

**United States Sixth Circuit Pattern Criminal Jury Instruction 3.07 (1991); see also United States v. Gaviria, 116 F.3d 1498, 1517 (D.C. Cir. 1997), cert. denied sub nom Naranjo v. United States, 118 S. Ct. 865 (1998) (a conspiracy prosecution may be brought in any district in which some overt act in furtherance of the conspiracy was committed by any of the co-conspirators); United States v. Lam Kwong-Wah, 924 F.2d 298, 301 (D.C. Cir. 1991), cert. denied, 506 U.S. 901 (1992) ("the government bears the burden of establishing by a preponderance of the evidence that venue is proper;" "venue is an issue that normally must be submitted to the jury"); United States v. North, 910 F.2d 843, 912 n.52 (D.C. Cir. 1990), op. modified on other grounds, 920 F.2d 940 (D.C. Cir. 1990), cert. denied, 500 U.S. 941 (1991) (District Court properly instructed jury to apply a preponderance-of-the-evidence standard to the question of venue).**

**Proposed Instruction No. 45**

### Conspiracy – Success Of Conspiracy Immaterial

The government is not required to prove that the parties to or members of the alleged agreement or conspiracy were successful in achieving any or all of the objects of the agreement or conspiracy.

---

O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u> (5th Ed. 2002), Section 31.08.

**Proposed Instruction No. 47**

**Bank Fraud**

Defendants are charged in counts six, seven, and eight with bank fraud. In order to sustain its burden of proof for the crime of knowingly executing a scheme or plan to obtain the money, funds or other property owned by or under the control of a financial institution as charged in counts six, seven, and eight of the Indictment, the government must prove the following three (3) essential elements beyond a reasonable doubt:

**First**: Defendant knowingly executed a scheme to obtain the money, funds or other property owned by or under the control of a financial institution by means of material false or fraudulent pretenses, representations or promises as detailed in Counts six, seven, and eight of the indictment;

**Second**: Defendant did so with the intent to defraud; and

**Third**: The financial institution was then insured by the Federal Deposit Insurance Corporation.

A defendant acts with the requisite "intent to defraud" if the defendant acted knowingly and with the specific intent or purpose to deceive, ordinarily for the purpose of causing some financial loss to another or bringing about some financial gain to the defendant.

A statement or representation is "false" or "fraudulent" if it is known to be untrue or is made with reckless indifference to its truth or falsity.[1]

---

[1] **O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, Section 31.03 (modified) (5th Ed. 2002); 18 U.S.C. §1349; Tenth Circuit Criminal Pattern Instruction 2.58 (2006).**