IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | Criminal No. 07-147 (GK) |
| : | |
| FREDERICK S. HILL, and : | |
| DAN V. McKINNEY, : | |
| : | |
| Defendants : | |

**GOVERNMENT'S PROPOSED JURY INSTRUCTION
AS TO OTHER CRIMES EVIDENCE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully requests that the Court give the jury instruction on other crimes evidence as set forth below. In support of its position, the government states the following:

The government previously has provided notice that among its evidence in this case is the deposit of a counterfeit check in the amount of $365,000, which is not a charged offense. Bank records for defendant Dan McKinney's Dan's Cleaning Service account establish that a counterfeit check in the amount of $365,000 was deposited into the Dan's Cleaning Service account. The $365,000 counterfeit check was deposited into the Dan's Cleaning Service account at roughly the same time as defendants McKinney and Hill were withdrawing cashier's checks used to pay coconspirators their share of proceeds from a $15,000 counterfeit Premier Services check, one of the charged counts in this case. The $365,000 counterfeit check, which had been returned by the bank, later was recovered from defendant Hill at the time of his arrest.

**Proposed Instruction – Other Crimes Evidence -- Intent, Knowledge, Absence of Mistake**

You have heard evidence about a counterfeit check in the amount of $365,000 being deposited into the account of Dan's Cleaning Service and that the returned check was recovered from defendant Steve Hill. It is up to you to decide whether to accept that evidence. Let me remind you that the defendants are on trial for committing the acts outlined in the Indictment, and not for any other act which is not alleged in the Indictment. Accordingly, you may not consider this evidence about the $365,000 counterfeit check as a substitute for proof that the defendants committed the crime charged. Nor may you consider this evidence as proof that the defendant had a criminal personality or bad character. The evidence of the $365,000 counterfeit check was admitted for a much more limited purpose and you may consider it only for that limited purpose.

If you consider the evidence of the $365,000 counterfeit check, you may use this evidence only to help you determine the state of mind or intent of the defendants, their knowledge, and whether the government has proven that the defendants intentionally committed the offenses as alleged in the Indictment, rather than by mistake, oversight, or accident.

This evidence about the $365,000 counterfeit check may not be considered by you for any other purpose. Specifically, you may not use this evidence to conclude that because the defendant committed the other act he must also have committed the acts charged in the Indictment.

_____

**See Sand, Siffert, Loughlin, and Reiss, Modern Federal Jury Instructions, ¶ 5.10, Instruction 5-25 (1996); Devitt, Blackmar, O'Malley, Federal Jury Practice and Instructions, section 17.08 (4th Ed. 1992); Redbook Instruction No. 2.51(B).**

Accordingly, the government requests that this instruction be given to the jury with the other instructions in this case.

                    Respectfully submitted,

                    JEFFREY A. TAYLOR
                    United States Attorney

                    _____/s/_____
                    Thomas J. Hibarger
                    D.C. Bar No. 413224
                    G. Bradley Weinsheimer
                    D.C. Bar No. 431796
                    Assistant United States Attorney
                    555 4th Street, N.W., Room 5237
                    Washington, DC 20530
                    (202) 514-7385
                    Thomas.J.Hibarger@usdoj.gov
                    Bradley.Weinsheimer@usdoj.gov